■ In the Matter of FRED DUBROWSKY, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 5 of section 6510 of the Education Law) to annul a determination of the Commissioner of Education finding petitioner guilty of unprofessional conduct by reason of misleading advertising and imposing a penalty of censure and reprimand. In 1978, petitioner, a dentist in partnership with another dentist, opened an office for the fitting and sale of dentures on Coney Island Avenue in Brooklyn, New York, under the name "Community Denture Center". On May 22, 1979, petitioner placed an advertisement in the *Daily News,* which read, in part, "When you buy one set of custom dentures at our incredible low price of $169, you get another set absolutely free". As a result, petitioner was charged with misleading advertising and offering gratuitous services in violation of the rules of the Board of Regents because, contrary to the representation made in the "ad", petitioner never intended to give "another set" free, but merely offered a duplicate of the dentures actually purchased, i.e., two uppers or two lowers. After a hearing, a panel of the State Board for Dentistry, in April, 1980, recommended that petitioner be found guilty of both charges, that his license to practice dentistry be suspended for six months but that the execution of the suspension be stayed and petitioner placed on probation for one year and assessed a $2,500 fine, because petitioner had previously been warned of misleading advertising. After due consideration, the Regents Review Committee recommended that the Board of Regents accept the findings and determination of the hearing panel as to petitioner's guilt, but recommended that the penalty imposed be changed to censure and reprimand. On September 25, 1980, the Board of Regents voted to accept the findings and recommendations, as modified, and on October 3, 1980 the commissioner issued an order effectuating such determination. When petitioner applied for reconsideration, the review committee of the Board of Regents recommended denial. However, the Board of Regents declined to accept the recommendation of denial in view of a Federal court decision (*Smith Ogden CVS Store v Ambach,* 493 F Supp 374) which held that regulations prohibiting discount advertising in regard to pharmacies were illegal. Upon reconsideration, the board modified its prior determination by dismissing the charge of unprofessional conduct in offering gratuitous services, but adhered to its finding of guilt on the charge of misleading advertising and imposed, therefore, a censure and reprimand. On November 13, 1981, the commissioner issued his order implementing this determination of the Board of Regents and

it is this order that petitioner attacks in this proceeding. There is substantial evidence to support the determination that petitioner was guilty of advertising that was misleading and, therefore, unprofessional. The clear import of the "ad" is that $169 will obtain another set of dentures, not two uppers or two lowers. In these circumstances, the measure of discipline was appropriate and not shocking to one's sense of fairness. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.